IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 4, 2003 Session


**SAMUEL TIMOTHY COLLINS v. KNOX COUNTY, TENNESSEE, ET AL.**


**Appeal from the Circuit Court for Knox County**
**No. 03-90-01    Wheeler A. Rosenbalm, Judge**


**FILED FEBRUARY 25, 2004**


**No. E2003-01421-COA-R3-CV**

---


CHARLES D. SUSANO, JR., concurring.


        I concur in the result reached by the majority.  I do so because I believe the record before us reflects undisputed material facts that negate an essential element of the plaintiff's cause of action, *i.e.*, the element of "proximate causation" of the appellant's damages.  I do agree with the appellant that there remains a genuine issue of material fact for the trier of fact as to the element of "cause in fact."  I believe a jury could reasonably find that there is a "cause and effect relationship between the defendant's tortious conduct and the plaintiff's injury or loss."  *White v. Lawrence*, 975 S.W. 2d 525, 529 (Tenn. 1998).  As the Supreme Court has pointed out, "cause in fact" addresses the "'but for' consequences of an act."  *Id*.  However, in my judgment, the conduct of the Sheriff's Office, once the deputies arrived at the bank and thereafter took the appellant into custody, conclusively militates against a finding of proximate causation tying the bank's conduct to the appellant's damages.


        _____
        CHARLES D. SUSANO, JR., JUDGE


1